UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

SPRINT SPECTRUM L.P.,

    Plaintiff,

v.

TOWN OF HARWICH, PLANNING BOARD OF
THE TOWN OF HARWICH, and
LAWRENCE BROPHY, WILLIAM STOLTZ,
BRUCE NIGHTINGALE, ANGELO LAMANTIA,
ELAINE BELLEFEUILLE, W. MATTHEW HART,
TIDAL HENRY, ROBERT OWENS,
GEORGE DINSMORE, and WILLIAM BALDWIN
in their capacities as members of the Planning Board
of the Town of Harwich,

    Defendants.

**COMPLAINT**

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___/13
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _1-17-05_

05 10099 NG

MAGISTRATE JUDGE _Alexander_

This action arises out of the denial by the Planning Board of the Town of Harwich (the "Planning Board") of an application by Sprint Spectrum L.P. ("Sprint Spectrum") for a Site Plan Special Permit to construct a personal wireless service facility, consisting, in part, of a 150' flagpole structure and associated ground equipment within a 50' x 50' fenced compound, at property located off of Forest Street, Harwich, Massachusetts. The Planning Board's denial of Sprint Spectrum's permitting request violates Section 704 of the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c), and Sprint Spectrum's federally protected civil rights, thereby further violating 42 U.S.C. §1983. In addition, the Planning Board has violated chapter 40A of the Massachusetts General Laws by arbitrarily and capriciously exceeding its own authority, and making insufficient and erroneous findings in support of its denial. Thus, in accordance with

federal and state law, this appeal is made pursuant to 47 U.S.C. §332(c)(7)(B)(v) and Mass. Gen. Laws, c. 40A, §17, respectively.

A. PARTIES

1. The Plaintiff, Sprint Spectrum, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Westwood, Kansas. Sprint Spectrum is building a nationwide wireless personal communications services ("PCS") network, and is a personal wireless service provider. Sprint Spectrum holds a Federal Communications Commission ("FCC") license for PCS wireless broadcast in the Massachusetts/Rhode Island area, which includes the Town of Harwich, Massachusetts. Sprint Spectrum is actively building out its PCS system in that area.

2. The Defendant Town of Harwich (the "Town") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. The Defendant Planning Board is a duly authorized unit of the Town that has been delegated the authority to, among other things, approve applications for Special Permits and Site Plan Special Permits for wireless telecommunication facilities under the Town's By-Laws & Zoning By-Laws (effective date November 6, 2002) (the "By-Laws") and the Town's Rules and Regulations Governing the Subdivision of Land and Site Plans (effective date December 2, 2002) (the "Subdivision Regulations").

4. Upon information and belief, the defendants, Larry Brophy, William Stoltz, Bruce Nightingale, Angelo Lamantia, Elaine Bellefeuille, W. Matthew Hart and Tidal Henry are each residents of the Town and together served as the Planning Board that denied Sprint Spectrum's request for the Site Plan Special Permit at issue in this action.

B. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1343(a), as this is an action to redress the deprivation, under color of law, of rights and privileges secured by the Constitution of the United States.

6. This Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically 47 U.S.C. §332(c).

7. Venue is proper in this Court under 28 U.S.C. §1391(b). The defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

C. FACTS COMMON TO ALL COUNTS

I. Personal Wireless Communication

8. Sprint Spectrum is a communications venture committed to providing a single integrated offering of wireless personal communications services by building a national wireless network using PCS technology—technology that uses digital transmission to improve existing wireless telecommunications services.

9. Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and an antenna array mounted on a tower, pole, building, or other structure. The antenna array feeds the signal to an electronic device housed in the small equipment container located near the antenna, where the signal is connected to an ordinary telephone line and then routed anywhere in the world. The antenna and equipment container are known as a "cell site." Because of the low power of the signal, the distance from the cell site to a PCS telephone is limited to a relatively small area. This area is referred to as the base station area or "cell."

10. In order to provide continuous service to a PCS telephone user, there must be a continuous interconnected series of cells, and the cells must overlap somewhat in a grid pattern approximating a honeycomb. In addition to having continuous coverage in a series of overlapping cells, the system requires that the placement of a cell site within each cell be located in a limited area so that the cell site can properly interact with the surrounding cell sites and provide reliable coverage throughout the cell. Cell sites cannot, however, be located too close to one another without causing disruptive radio frequency interference.

11. To determine the appropriate location of a cell site, Sprint Spectrum's engineers use complex computer programs to complete a propagation study, based on the boundaries of the cell, the boundaries of existing and planned PCS coverage, the topography of the land within such boundary, the presence or absence of structures and other factors. In order for the entire system to be operational, there must be enough cells with properly placed cell sites installed and functioning so that complete coverage can be realized. Only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a cell, there would be no PCS telephone service within that cell.

12. As a result of an extensive propagation study, Sprint Spectrum determined that it required an additional cell site in Harwich, Massachusetts to fill a substantial and significant gap in its wireless coverage.

13. As a further result of its propagation study and after investigation of the area, Sprint Spectrum identified property owned by Harwich Golf Associates, Inc. d/b/a Harwich Port Golf Club, located off Forest Street, Harwich, Massachusetts (the "Site) as the most appropriate available location for the installation of a wireless telecommunications facility.

14. The installation of a wireless telecommunications facility at the Site would permit Sprint Spectrum to address a significant and substantial coverage gap in the Harwich area.

15. The Site is located in the Town's R-L, Residential – Low Density Zoning District where personal wireless service facilities are permitted upon issuance of a Special Permit and Site Plan Special Permit.

## II. Federal Statutory Control Over PCS Siting

16. Section 704 of the Federal Telecommunications Act of 1996 (the "1996 Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of "personal wireless service" facilities such as that proposed by Sprint Spectrum. It provides, in relevant part, that:

> (i) The regulation of the placement, construction, and modification of personal wireless services facilities by any state or local government or instrumentality thereof –
>
> * * *
>
> II. shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
> * * *
>
> (ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless services <u>within a reasonable period of time</u> after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request. (emphasis added).
>
> * * *
>
> (iii) Any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

17. The 1996 Act further provides that any person adversely affected by a state or local government's action, or failure to act, that is inconsistent with Section 332(c)(7) may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

### III. Harwich Zoning By-Laws And Subdivision Regulations

18. Sections X.G, X.K and XI of the By-Laws sets forth the regulations and requirements for erection and installation of personal wireless service facilities.

19. Pursuant to Section X.K(5), "[i]f the site plan meets the requirements of this By-law and the Planning Board Rules and Regulations Governing Subdivision of Land and Site Plan Review, as amended, the Planning Board **shall** approve it." (emphasis added).

20. Section II of the Subdivision Regulations sets forth the regulations and requirements for issuance of a Site Plan Special Permit.

21. Pursuant to Section II.E, "[the Planning Board's] decision shall state in detail the reasons for such [decision]."

### IV. Action by the Town

22. On or about January 30, 2003, Sprint Spectrum applied for a Special Permit and Site Plan Special Permit from the Planning Board, seeking authorization to construct a 120' flagpole-style monopole facility with internally-mounted antennas, together with the required ground equipment (the "Facility") at the Site. Subsequent to the original filing, said flagpole-style monopole was increased to 150'.

23. The Facility would permit Sprint Spectrum to fill a substantial coverage gap in its wireless telecommunications network in the Harwich area.

24. On December 14, 2004, the Planning Board voted to grant Sprint Spectrum's request for its Special Permit, but effectively denied Sprint Spectrum's application for a Site

6

Plan Special Permit. Both actions were filed with the City Clerk's Office on December 28, 2004. A copy of both of the Planning Board's decisions is attached hereto as <u>Exhibit A</u>.

25. In granting the application for a Special Permit, the Planning Board found that the application met the necessary requirements and criteria, and further acknowledged that "[t]he use will not adversely affect the neighborhood, the site is appropriate for the use, there will be no nuisance or serious hazard to vehicles of pedestrians and adequate and appropriate facilities will be provided for proper operation of the proposed use."

26. Similarly, Defendant Larry Brophy made a motion, seconded by Defendant Bruce Nightingale to also approve the Site Plan Special Permit "based on the fact that the application meets the necessary requirements and criteria."

27. Notwithstanding the above findings in support of granting the Site Plan Special Permit to Sprint Spectrum, Defendant Tidal Henry ("Henry") and Defendant W. Matthew Hart voted to deny the Site Plan Special Permit without stating any reasons, whatsoever, for their decision (and despite the fact that Henry had voted to approve the Special Permit), thereby preventing the necessary 2/3 supermajority vote of the Planning Board (comprised of nine members) required for approval of a Site Plan Special Permit and effectively denying Sprint Spectrum's proposal.

28. In voting to deny Sprint Spectrum's request for a Site Plan Special Permit, the Planning Board acted in direct violation of the By-Laws and Subdivision Regulations.

29. Accordingly, the Planning Board's decision has the effect of prohibiting the provision of personal wireless services; the proposed Facility is necessary to remedy a significant gap in Sprint Spectrum's coverage in the Harwich area.

30. In addition, the Planning Board's actions constitute unreasonable delay in contravention of the 1996 Act.

31. Moreover, the Planning Board's decision is not supported by substantial evidence contained in a written record as:

(i) The uncontroverted evidence before the Planning Board established that the application for Site Plan Special Permit met the requirements and criteria of the By-Laws and the Subdivision Regulations; and

(ii) The Planning Board stated no reason, whatsoever, for denying Sprint Spectrum's request for a Site Plan Special Permit.

32. The Planning Board's denial of Sprint Spectrum's application for Site Plan Special Permit is in contravention of the 1996 Act and Massachusetts law.

33. Sprint Spectrum has suffered and will continue to suffer irreparable harm by reason of the Planning Board's actions.

34. Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Sprint Spectrum is without an adequate legal remedy to prevent such violations.

### D. COUNTS

(Count I – Violation of Telecommunications Act of 1996)

35. Sprint Spectrum hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 34.

36. Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land; and the judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding."

37. The 1996 Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause, preempts other regulations affecting such facilities to the extent that such other regulation conflicts with federal law.

38. Sprint Spectrum's application constitutes a request to provide "personal wireless services" within the meaning of the 1996 Act, and, as such, is entitled to the protection of the 1996 Act.

39. However, in contravention of the 1996 Act, the Planning Board, on the Town's behalf, denied the application for a Site Plan Special Permit and made insufficient and erroneous findings in support of that denial.

40. Such denial violated the 1996 Act in that it prohibited or had the effect of prohibiting the provision of personal wireless services in the Harwich area, and was not supported by substantial evidence.

41. Such denial also violated the 1996 Act in that the Planning Board's actions have unreasonably delayed Sprint Spectrum's ability to build out its PCS system in Harwich, Massachusetts in accordance with its FCC license.

42. Accordingly, the Planning Board's actions should be declared to be in violation of, and preempted by, the 1996 Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the Planning Board to grant to Sprint Spectrum the Site Plan Special Permit requested.

## (Count II-Mass. Gen. Laws, c.40A, §17)

43. Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 42.

44. Sprint Spectrum has fully complied with any and all requirements of the By-Laws and the Subdivision Regulations to obtain a Site Plan Special Permit and is thus entitled to the Site Plan Special Permit it has requested.

45. The Planning Board's decision to deny the Site Plan Special Permit was an abuse of its discretion, in excess of its authority, and was arbitrary, capricious and based upon legally untenable grounds.

46. Furthermore, the Planning Board's decision to deny the Site Plan Special Permit was not supported by substantial evidence contained in a written record as described in paragraph 31, supra.

47. Accordingly, Sprint Spectrum hereby appeals from the Planning Board's decision pursuant to Mass. Gen. Laws, c. 40A, §17 and aver that the Planning Board's action should be declared to be in violation of Massachusetts law and should be set aside by the Court on that basis. Further, the Court should exercise its power to issue an order requiring the Planning Board to grant the Site Plan Special Permit as applied for by Sprint Spectrum.

## (Count III – Declaratory Judgment, 28 U.S.C. §2201)

48. Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 47.

49. The Planning Board, acting on behalf of the Town, denied Sprint Spectrum's application for a Site Plan Special Permit.

50. The Planning Board's denial of Sprint Spectrum's application constitutes a violation of the 1996 Act and of Massachusetts law as described above.

51. An actual controversy exists due to the Planning Board's wrongful denial of Sprint Spectrum's application.

52. Sprint Spectrum is entitled to a declaration that the Defendants have violated the provisions of the 1996 Act and of Massachusetts law as a result of the denial of Sprint Spectrum's application.

53. In addition to a declaratory judgment, Sprint Spectrum is entitled to such other and further relief as may be available under 28 U.S.C. § 2202, including, but not limited to, injunctive relief.

(Count IV – Violation of the Civil Rights Act)

54. Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 53.

55. Title 42 U.S.C. § 1983 provides in relevant part that:

> [e]very person who, under color of any statute, ordinance regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

56. The Planning Board, in denying Sprint Spectrum's application, acted under color of the laws and regulations of the Commonwealth of Massachusetts, and laws, ordinances, and regulations set forth in the By-Laws and the Subdivision Regulations.

57. The Planning Board's denial violates the rights, privileges and immunities of Sprint Spectrum as secured by the 1996 Act. The Planning Board therefore acted in violation of Sprint Spectrum's rights as secured by 42 U.S.C. § 1983.

11

58. Accordingly, the Planning Board's action should be declared to be in violation of, and preempted by, 42 U.S.C. § 1983, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the Planning Board to grant the Site Plan Special Permit as applied for by Sprint Spectrum.

### E. PRAYERS FOR RELIEF

WHEREFORE, Sprint Spectrum respectfully requests the following relief:

1. Money damages for, among other things, lost profits and lost minutes of use resulting from the Planning Board's wrongful actions.

2. A declaration and judgment that the Planning Board's actions violated the 1996 Act and are therefore void and invalid;

3. A declaration and judgment that the Planning Board's actions are preempted by the 1996 Act and are therefore void and invalid;

4. A declaration and judgment that the Planning Board's actions are in excess of its authority, arbitrary, capricious and legally untenable under Massachusetts law and are therefore void, invalid and annulled;

5. A declaration of the respective rights and obligations of the parties;

6. A declaration and judgment that the Defendants violated 42 U.S.C. § 1983 by denying Sprint Spectrum its federally protected rights under the 1996 Act;

7. An order mandating that the Planning Board grant approval of the application for a Site Plan Special Permit;

8. An expedited review of the matters set forth in this Complaint;

9. An award of Sprint Spectrum's costs of suit herein, including reasonable attorneys' fees; and

10. Such other and further relief as the Court deems just and proper.

SPRINT SPECTRUM L.P.
By its attorneys,

_____
Wayne F. Dennison (BBO #558879)
**BROWN RUDNICK BERLACK ISRAELS** LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

January 14, 2005

#50214232 v\1 - brooksjl - tw9js01!.doc - 80655/101

COMMONWEALTH OF MASSACHUSETTS
TOWN OF HARWICH
PLANNING BOARD – SITE PLAN REVIEW

DECISION – SITE PLAN


RECEIVED
DEC 28 2004
TOWN CLERK
Town of Harwich, Mass.

**Map** 22 **Parcel** S2-A

**Case No.** PB2003-07

**Hearing Date** November 9, 2004 & December 14, 2004

**Off Forest Street, Harwich**

**Applicant:** Sprint Spectrum L.P. d/b/a Sprint PSC

**Decision Date** December 14, 2004

At a public hearing opened November 9, 2004 and continued to and closed on December 14, 2004 the Town of Harwich Planning Board, acting in the matter of case number PB2003-07 voted to **deny** a Site Plan Special Permit taken under Harwich Zoning By-law Sections X.K and XI for the installation of a wireless communications facility consisting of a 150' flagpole and associated radio equipment within a 50' x 50' fenced compound for property located off Forest Street, Harwich. The Board's vote referenced the following plans:

1. Title Block, dated April 30, 2004, T-1, Sheet 1 of 6.
2. 300' Radius Plan (Northwest), dated April 30, 2004 at 1" = 40', EC-1, Sheet 2 of 6.
3. 300' Radius Plan (Southwest), dated April 30, 2004 at 1" = 40', EC-2, Sheet 3 of 6.
4. Site Plan, dated April 30, 2004, at 1" = 40', Z-1, Sheet 4 of 6.
5. Compound Plan & South Elevation, dated April 30, 2004, at 1/8" = 1', Z-2 Option B, Sheet 5 of 6.
6. Details dated April 30, 2004, at ½" = 1', Z-3, Sheet 6 of 6.

In addition, a document prepared by Terra Search, entitled, Photo Simulation, Sprint #BS23XC752, Harwichport Golf Course, Forest Street, Harwich, Ma 02646, dated March 18, 2004, containing a Photo Simulation, Balloon Study and Viewshed Analysis was submitted. Further as part of the application there was back up material relative to the telecommunication use as provided to the Cape Cod Commission during the Sprint Spectrum L.P. Development of Regional Impact (DRI) review for this project.

### SITE PLAN SPECIAL PERMIT DECISION

Mr. Brophy made a motion, seconded by Mr. Nightingale, to approve the Site Plan Special Permit for Sprint Spectrum L.P. d/b/a Sprint PSC, as submitted pursuant to Section X.K and Section XI of the Harwich Zoning By-law (effective date November 6,

*Planning Board Decision PB2003-07*
*Site Plan Special Permit*
*Sprint Spectrum L.P.*
*Page 2*



RECEIVED
DEC 28 2004
TOWN CLERK
Town of Harwich,
Mass.

2002) and Section 2 of the Rules and Regulations Governing the Subdivision of Land and Site Plans (December 2, 2002), for the installation of a wireless communications facility consisting of a 150' flagpole and associated radio equipment within a 50' x 50' fenced compound, based on the fact the application meets the necessary requirements and criteria. The issuance of this site plan does not precluded additional co-locators provided the additional equipment is in keeping with the requirements of Section XI of the Zoning By-law. This approval is conditioned to the Cape Cod Commission approval decision dated September 23, 2004 for Sprint Spectrum, LP, Project # TR 03001.

The Board's vote was five in favor (Larry Brophy, William Stoltz, Bruce Nightingale, Angelo LaMantia and Elaine Bellefeuille (alternate)) and two opposed (W. Matthew Hart and Tidal Henry). As a two-thirds vote of the full constitution of the Board (in this case nine members) was required for the granting of a special permit, this request was hereby **denied**.

_____
Chairman of the Planning Board

**THIS DECISION HAS BEEN FILED WITH THE TOWN CLERK ON** _12-28-04_.

_____
Town Clerk

This is to certify that twenty days have elapsed after this decision was filed in my office and no appeal has been filed.

Date Filed _____    Twenty Days Elapsed _____

_____
Town Clerk

# COMMONWEALTH OF MASSACHUSETTS
# TOWN OF HARWICH
# PLANNING BOARD – SITE PLAN REVIEW

## DECISION – USE SPECIAL PERMIT



RECEIVED DEC 2 8 2004 TOWN CLERK Town of Harwich, Mass.

**Map** 22 **Parcel** S2-A         **Off Forest Street, Harwich**

**Case No.** PB2003-07            **Applicant:** Sprint Spectrum L.P. d/b/a Sprint PSC

**Hearing Date** November 9, 2004 & December 14, 2004            **Decision Date** December 14, 2004

At a public hearing opened November 9, 2004 and continued to and closed on December 14, 2004 the Town of Harwich Planning Board, acting in the matter of case number PB2003-07 voted to **approve** a Special Permit taken under Harwich Zoning By-law Sections X.G and XI for the installation/operation of a wireless communications facility consisting of a 150' flagpole and associated radio equipment within a 50' x 50' fenced compound for property located off Forest Street, Harwich. The Board's vote referenced the following plans:

1. Title Block, dated April 30, 2004, T-1, Sheet 1 of 6.
2. 300' Radius Plan (Northwest), dated April 30, 2004 at 1" = 40', EC-1, Sheet 2 of 6.
3. 300' Radius Plan (Southwest), dated April 30, 2004 at 1" = 40', EC-2, Sheet 3 of 6.
4. Site Plan, dated April 30, 2004, at 1" = 40', Z-1, Sheet 4 of 6.
5. Compound Plan & South Elevation, dated April 30, 2004, at 1/8" = 1', Z-2 Option B, Sheet 5 of 6.
6. Details dated April 30, 2004, at ½" = 1', Z-3, Sheet 6 of 6.

In addition, a document prepared by Terra Search, entitled, Photo Simulation, Sprint #BS23XC752, Harwichport Golf Course, Forest Street, Harwich, Ma 02646, dated March 18, 2004, containing a Photo Simulation, Balloon Study and Viewshed Analysis was submitted. Further as part of the application there was extensive back up material relative to the telecommunication use as provided to the Cape Cod Commission during the Sprint Spectrum L.P. Development of Regional Impact (DRI) review for this project.

## SPECIAL PERMIT DECISION

Mr. Brophy made a motion, seconded by Mr. Nightingale, to approve the Special Permit for Sprint Spectrum L.P. d/b/a Sprint PSC, as submitted pursuant to Sections X.G and XI of the Harwich Zoning By-law (effective date November 6, 2002), for the

*Planning Board Decision PB2003-07*
*Special Permit*
*Sprint Spectrum L.P.*
*Page 2*



installation/operation of a wireless communications facility consisting of a 150' flagpole and associated radio equipment, based on the fact the application meets the necessary requirements and criteria. The use will not adversely affect the neighborhood, the site is appropriate for the use, there will be no nuisance or serious hazard to vehicles of pedestrians and adequate and appropriate facilities will be provided for proper operation of the proposed use. The issuance of this Special Permit does not precluded additional co-locators provided the additional equipment is in keeping with the requirements of Section XI of the Zoning By-law. This approval is conditioned to the Cape Cod Commission decision dated May 22, 2003 for Sprint Spectrum, LP, Project # TR 03001, a copy of which is attached.

The Board's vote was six in favor (Larry Brophy, William Stoltz, Bruce Nightingale, Angelo LaMantia, Tidal Henry and Elaine Bellefeuille (alternate)) and one opposed (W. Matthew Hart). The required two-third vote of the full constitution of the Board (in this case nine members) was met for the granting of a special permit. This request was hereby **approved**.

_____
Chairman of the Planning Board

**THIS DECISION HAS BEEN FILED WITH THE TOWN CLERK ON** 12-28-04.

_____
Town Clerk

This is to certify that twenty days have elapsed after this decision was filed in my office and no appeal has been filed.

Date Filed _____   Twenty Days Elapsed _____

_____
Town Clerk

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sprint Spectrum L.P.

### DEFENDANTS
Town of Harwich, et al.

(b) County of Residence of First Listed Plaintiff: Kansas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Wayne F. Dennison, Brown Rudnick Berlack Israels LLP One Financial Ctr, Boston, MA 02111

Attorneys (If Known): 05 10099 NG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. Section 332(c)
Brief description of cause:
Defendants have violated the Federal Telecommunications Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE: January 14, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sprint Spectrum L.P. v. Town of Harwich__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   05 10099 NG

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   N/A   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Wayne F. Dennison__
ADDRESS __Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston, MA 02111__
TELEPHONE NO. __(617) 856-8200__

(Coversheetlocal.wpd - 10/17/02)