**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SPRINT SPECTRUM L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TOWN OF HARWICH, PLANNING BOARD OF | ) | |
| THE TOWN OF HARWICH, and | ) | |
| LAWRENCE BROPHY, WILLIAM STOLTZ, | ) | **Civil Action No.** |
| BRUCE NIGHTINGALE, ANGELO LAMANTIA, | ) | **1:05-cv-10099-NG** |
| ELAINE BELLEFEUILLE, W. MATTHEW HART, | ) | |
| TIDAL HENRY, ROBERT OWENS, | ) | |
| GEORGE DINSMORE, and WILLIAM BALDWIN | ) | |
| in their capacities as members of the Planning Board | ) | |
| of the Town of Harwich, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT**

This action arises out of the denial by the Planning Board of the Town of Harwich (the

"Planning Board") of an application by Sprint Spectrum L.P. ("Sprint Spectrum") for a Site Plan

Special Permit to construct a personal wireless service facility, consisting, in part, of a 150'

flagpole structure and associated ground equipment within a 50' x 50' fenced compound, at

property located off of Forest Street, Harwich, Massachusetts.  The Planning Board's denial of

Sprint Spectrum's permitting request violates Section 704 of the Federal Telecommunications

Act of 1996, 47 U.S.C. § 332(c).   In addition, the Planning Board has violated chapter 40A of

the Massachusetts General Laws by arbitrarily and capriciously exceeding its own authority, and

making insufficient and erroneous findings in support of its denial.  Thus, in accordance with

federal and state law, this appeal is made pursuant to 47 U.S.C. §332(c)(7)(B)(v) and Mass. Gen. Laws, c. 40A, §17, respectively.

## A.    PARTIES

1.      The Plaintiff, Sprint Spectrum, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Westwood, Kansas.  Sprint Spectrum is building a nationwide wireless personal communications services ("PCS") network, and is a personal wireless service provider.  Sprint Spectrum holds a Federal Communications Commission ("FCC") license for PCS wireless broadcast in the Massachusetts/Rhode Island area, which includes the Town of Harwich, Massachusetts.  Sprint Spectrum is actively building out its PCS system in that area.

2.      The Defendant Town of Harwich (the "Town") is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3.      The Defendant Planning Board is a duly authorized unit of the Town that has been delegated the authority to, among other things, approve applications for Special Permits and Site Plan Special Permits for wireless telecommunication facilities under the Town's By-Laws & Zoning By-Laws (effective date November 6, 2002) (the "By-Laws") and the Town's Rules and Regulations Governing the Subdivision of Land and Site Plans (effective date December 2, 2002) (the "Subdivision Regulations").

4.      Upon information and belief, the defendants, Larry Brophy, William Stoltz, Bruce Nightingale, Angelo Lamantia, Elaine Bellefeuille, W. Matthew Hart and Tidal Henry are each residents of the Town and together served as the Planning Board that denied Sprint Spectrum's request for the Site Plan Special Permit at issue in this action.

B.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically 47 U.S.C. §332(c).

6.    Venue is proper in this Court under 28 U.S.C. §1391(b).  The defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

C.    FACTS COMMON TO ALL COUNTS

I. Personal Wireless Communication

7.    Sprint Spectrum is a communications venture committed to providing a single integrated offering of wireless personal communications services by building a national wireless network using PCS technology—technology that uses digital transmission to improve existing wireless telecommunications services.

8.    Portable telephones using PCS digital technology operate by transmitting a very low power radio signal between the telephone and an antenna array mounted on a tower, pole, building, or other structure.  The antenna array feeds the signal to an electronic device housed in the small equipment container located near the antenna, where the signal is connected to an ordinary telephone line and then routed anywhere in the world.  The antenna and equipment container are known as a "cell site."  Because of the low power of the signal, the distance from the cell site to a PCS telephone is limited to a relatively small area.  This area is referred to as the base station area or "cell."

9.    In order to provide continuous service to a PCS telephone user, there must be a continuous interconnected series of cells, and the cells must overlap somewhat in a grid pattern approximating a honeycomb.  In addition to having continuous coverage in a series of

overlapping cells, the system requires that the placement of a cell site within each cell be located

in a limited area so that the cell site can properly interact with the surrounding cell sites and

provide reliable coverage throughout the cell.  Cell sites cannot, however, be located too close to

one another without causing disruptive radio frequency interference.

10.     To determine the appropriate location of a cell site, Sprint Spectrum's engineers

use complex computer programs to complete a propagation study, based on the boundaries of the

cell, the boundaries of existing and planned PCS coverage, the topography of the land within

such boundary, the presence or absence of structures and other factors.  In order for the entire

system to be operational, there must be enough cells with properly placed cell sites installed and

functioning so that complete coverage can be realized.  Only when the entire system is

operational will a PCS telephone user have service and an uninterrupted conversation throughout

a given territory.  If there is no functioning cell site within a cell, there would be no PCS

telephone service within that cell.

11.     As a result of an extensive propagation study, Sprint Spectrum determined that it

required an additional cell site in Harwich, Massachusetts to fill a substantial and significant gap

in its wireless coverage.

12.     As a further result of its propagation study and after investigation of the area,

Sprint Spectrum identified property owned by Harwich Golf Associates, Inc. d/b/a Harwich Port

Golf Club, located off Forest Street, Harwich, Massachusetts (the "Site) as the most appropriate

available location for the installation of a wireless telecommunications facility.

13.     The installation of a wireless telecommunications facility at the Site would permit

Sprint Spectrum to address a significant and substantial coverage gap in the Harwich area.

14.     The Site is located in the Town's R-L, Residential – Low Density Zoning District where personal wireless service facilities are permitted upon issuance of a Special Permit and Site Plan Special Permit.

## II.  Federal Statutory Control Over PCS Siting

15.     Section 704 of the Federal Telecommunications Act of 1996 (the "1996 Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of  "personal wireless service" facilities such as that proposed by Sprint Spectrum.  It provides, in relevant part, that:

> (i)     The regulation of the placement, construction, and modification of personal wireless services facilities by any state or local government or instrumentality thereof –
>
> * * *
>
> II.   shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
> * * *
>
> (ii)    A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless services within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request. (emphasis added).
>
> * * *
>
> (iii)   Any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

16.     The 1996 Act further provides that any person adversely affected by a state or local government's action, or failure to act, that is inconsistent with Section 332(c)(7) may seek expedited review in the federal courts.  47 U.S.C. § 332(c)(7)(B)(v).

III.    Harwich Zoning By-Laws
and Subdivision Regulations

18.    Sections X.G, X.K and XI of the By-Laws sets forth the regulations and

requirements for erection and installation of personal wireless service facilities.

19.    Pursuant to Section X.K(5), "[i]f the site plan meets the requirements of this By-

law and the Planning Board Rules and Regulations Governing Subdivision of Land and Site Plan

Review, as amended, the Planning Board **shall** approve it." (emphasis added).

20.    Section II of the Subdivision Regulations sets forth the regulations and

requirements for issuance of a Site Plan Special Permit.

21.    Pursuant to Section II.E, "[the Planning Board's] decision shall state in detail the

reasons for such [decision]."

IV.    Action by the Town

22.    On or about January 30, 2003, Sprint Spectrum applied for a Special Permit and

Site Plan Special Permit from the Planning Board, seeking authorization to construct a 120'

flagpole-style monopole facility with internally-mounted antennas, together with the required

ground equipment (the "Facility") at the Site.   Subsequent to the original filing, said flagpole-

style monopole was increased to 150'.

23.    The Facility would permit Sprint Spectrum to fill a substantial coverage gap in its

wireless telecommunications network in the Harwich area.

24.    On December 14, 2004, the Planning Board voted to grant Sprint Spectrum's

request for its Special  Permit, but effectively denied Sprint Spectrum's application for a Site

Plan Special Permit.  Both actions were filed with the City Clerk's Office on December 28,

2004.  A copy of both of the Planning Board's  decisions is attached hereto as Exhibit A.

25.    In granting the application for a Special Permit, the Planning Board found that the application met the necessary requirements and criteria, and further acknowledged that "[t]he use will not adversely affect the neighborhood, the site is appropriate for the use, there will be no nuisance or serious hazard to vehicles of pedestrians and adequate and appropriate facilities will be provided for proper operation of the proposed use."

26.    Similarly, Defendant Larry Brophy made a motion, seconded by Defendant Bruce Nightingale to also approve the Site Plan Special Permit "based on the fact that the application meets the necessary requirements and criteria."

27.    Notwithstanding the above findings in support of granting the Site Plan Special Permit to Sprint Spectrum, Defendant Tidal Henry ("Henry") and Defendant W. Matthew Hart voted to deny the Site Plan Special Permit without stating any reasons, whatsoever, for their decision (and despite the fact that Henry had voted to approve the Special Permit), thereby preventing the necessary 2/3 supermajority vote of the Planning Board (comprised of nine members) required for approval of a Site Plan Special Permit and effectively denying Sprint Spectrum's proposal.

28.    In voting to deny Sprint Spectrum's request for a Site Plan Special Permit, the Planning Board acted in direct violation of the By-Laws and Subdivision Regulations.

29.    Accordingly, the Planning Board's decision has the effect of prohibiting the provision of personal wireless services;  the proposed Facility is necessary to remedy a significant gap in Sprint Spectrum's coverage in the Harwich area.

30.    In addition, the Planning Board's actions constitute unreasonable delay in contravention of the 1996 Act.

31.     Moreover, the Planning Board's decision is not supported by substantial evidence

contained in a written record as:

(i)       The uncontroverted evidence before the Planning Board established that
the application for Site Plan Special Permit met the requirements and
criteria of the By-Laws and the Subdivision Regulations; and

(ii)      The Planning Board stated no reason, whatsoever, for denying Sprint
Spectrum's request for a Site Plan Special Permit.

32.     The Planning Board's denial of Sprint Spectrum's application for Site Plan

Special Permit is in contravention of the 1996 Act and Massachusetts law.

33.     Sprint Spectrum has suffered and will continue to suffer irreparable harm by

reason of the Planning Board's actions.

34.     Such irreparable harm will continue unless this Court enjoins the violations.

Further, Sprint Spectrum is without an adequate legal remedy to prevent such violations.

### D.    COUNTS

### (Count I – Violation of Telecommunications Act of 1996)

35.     Sprint Spectrum hereby adopts and incorporates by reference as if fully stated

herein the allegations contained in paragraphs 1 through 34.

36.     Article VI, Clause 2 of the United States Constitution, commonly known as the

Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United

States which shall be made in pursuance thereof … shall be the supreme law of the land; and the

judges in every state shall be bound thereby, any thing in the Constitution or laws of any state to

the contrary notwithstanding."

37.     The 1996 Act governs the regulation of the placement, construction, and

modification of personal wireless service facilities, and under the Supremacy Clause, preempts

other regulations affecting such facilities to the extent that such other regulation conflicts with federal law.

38.     Sprint Spectrum's application constitutes a request to provide "personal wireless services" within the meaning of the 1996 Act, and, as such, is entitled to the protection of the 1996 Act.

39.     However, in contravention of the 1996 Act, the Planning Board, on the Town's behalf, denied the application for a Site Plan Special Permit and made insufficient and erroneous findings in support of that denial.

40.     Such denial violated the 1996 Act in that it prohibited or had the effect of prohibiting the provision of personal wireless services in the Harwich area, and was not supported by substantial evidence.

41.     Such denial also violated the 1996 Act in that the Planning Board's actions have unreasonably delayed Sprint Spectrum's ability to build out its PCS system in Harwich, Massachusetts in accordance with its FCC license.

42.     Accordingly, the Planning Board's actions should be declared to be in violation of, and preempted by, the 1996 Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.  Further, the Court should exercise its power to issue an order commanding the Planning Board to grant to Sprint Spectrum the Site Plan Special Permit requested.

(Count II-Mass. Gen. Laws, c.40A, §17)

43.     Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 42.

44.     Sprint Spectrum has fully complied with any and all requirements of the By-Laws and the Subdivision Regulations to obtain a Site Plan Special Permit and is thus entitled to the Site Plan Special Permit it has requested.

45.     The Planning Board's decision to deny the Site Plan Special Permit was an abuse of its discretion, in excess of its authority, and was arbitrary, capricious and based upon legally untenable grounds.

46.     Furthermore, the Planning Board's decision to deny the Site Plan Special Permit was not supported by substantial evidence contained in a written record as described in paragraph 31, supra.

47.     Accordingly, Sprint Spectrum hereby appeals from the Planning Board's decision pursuant to Mass. Gen. Laws, c. 40A, §17 and aver that the Planning Board's action should be declared to be in violation of Massachusetts law and should be set aside by the Court on that basis.  Further, the Court should exercise its power to issue an order requiring the Planning Board to grant the Site Plan Special Permit as applied for by Sprint Spectrum.

(Count III – Declaratory Judgment, 28 U.S.C. §2201)

48.     Sprint Spectrum hereby adopts and incorporates by reference, as if fully stated herein, the allegations contained in paragraphs 1 through 47.

49.     The Planning Board, acting on behalf of the Town, denied Sprint Spectrum's application for a Site Plan Special Permit.

50.     The Planning Board's denial of Sprint Spectrum's application constitutes a violation of the 1996 Act and of Massachusetts law as described above.

51.     An actual controversy exists due to the Planning Board's wrongful denial of Sprint Spectrum's application.

52.     Sprint Spectrum is entitled to a declaration that the Defendants have violated the

provisions of the 1996 Act and of Massachusetts law as a result of the denial of Sprint

Spectrum's application.

53.     In addition to a declaratory judgment, Sprint Spectrum is entitled to such other

and further relief as may be available under 28 U.S.C. § 2202, including, but not limited to,

injunctive relief.

### E.    PRAYERS FOR RELIEF

WHEREFORE, Sprint Spectrum respectfully requests the following relief:

1.     Money damages for, among other things, lost profits and lost
       minutes of use resulting from the Planning Board's wrongful
       actions.

2      A declaration and judgment that the Planning Board's actions
       violated the 1996 Act and are therefore void and invalid;

3.     A declaration and judgment that the Planning Board's actions are
       preempted by the 1996 Act and are therefore void and invalid;

4.     A declaration and judgment that the Planning Board's actions are
       in excess of its authority, arbitrary, capricious and legally
       untenable under Massachusetts law and are therefore void, invalid
       and annulled;

5.     A declaration of the respective rights and obligations of the parties;

6.     An order mandating that the Planning Board grant approval of the
       application for a Site Plan Special Permit;

7.     An expedited review of the matters set forth in this Complaint;

8.     An award of Sprint Spectrum's costs of suit herein, including
       reasonable attorneys' fees; and

9.     Such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

**SPRINT SPECTRUM L.P.**

By its attorneys,

/s/ Wayne F. Dennison_____
Wayne F. Dennison, BBO #558879
**BROWN RUDNICK BERLACK ISRAELS LLP**
One Financial Center
Boston, MA  02111
(617) 856-8200

June 9, 2005

#50214232 v\3 - brooksjl - tw9js01!.doc - 80655/101